IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE MARTINEZ, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:14-cv-00984 |
| TEGRITY PERSONNEL SERVICES, INC.; MAKE READY SERVICES, LLC; DYNAMIC LABOR SERVICES, LLC; PRESTIGE LABOR & SERVICES, LLC; MAURICIO MARTINEZ, Individually; & ROBERTO C. GARZA, Individually. | § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## **PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Maria Guadalupe Martinez (referred to as "Plaintiff" or "Martinez") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendants Tegrity Personnel Services, Inc.; Make Ready Services, LLC; Dynamic Labor Services, LLC; Prestige Labor & Services, LLC; Mauricio Martinez, Individually; and Roberto C. Garza, Individually (collectively referred to as "Tegrity" or "Defendants"). In support thereof, she would respectfully show the Court as follows:

## I. Nature of Suit

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendants violated the FLSA by failing to pay their nonexempt employees for all hours worked and at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3. Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of herself and all other similarly situated employees in order to recover unpaid regular and overtime wages.

## II. Jurisdiction and Venue

4. Plaintiff's claims arise under the FLSA.  29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to her claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

### III. THE PARTIES

7. Plaintiff Maria Guadalupe Martinez is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this lawsuit. In performing her duties, Martinez was engaged in commerce or in the production of goods for commerce. Martinez regularly worked in excess of forty (40) hours per week. However, Martinez did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

8. Defendant Tegrity Personnel Services, Inc. is a Texas corporation that may be served with process by serving its registered agent, Roberto C. Garza, at 7427 Ulysses Lane, Baytown, Texas 77521. Alternatively, if the registered agent of Tegrity Personnel Services, Inc. cannot with reasonable diligence be found at its registered office, Tegrity Personnel Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9. Defendant Make Ready Services, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Roberto Garza, at 3614 Navigation Boulevard, Houston, Texas 77003. Alternatively, if the registered agent of

Make Ready Services, LLC cannot with reasonable diligence be found at its registered office, Make Ready Services, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Dynamic Labor Services, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Roberto Garza, at 7427 Ulysses Lane, Baytown, Texas 77521. Alternatively, if the registered agent of Dynamic Labor Services, LLC cannot with reasonable diligence be found at the company's registered office, Dynamic Labor Services, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Prestige Labor & Services, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Roberto C. Garza, at 7427 Ulysses Lane, Baytown, Texas 77521. Alternatively, if the registered agent of Prestige Labor & Services, LLC cannot with reasonable diligence be found at the company's registered office, Prestige Labor & Services, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Defendant Mauricio Martinez, Individually, is an individual who may be served with process at 7427 Ulysses Lane, Baytown, Texas 77521 or wherever he may be found. Defendant Mauricio Martinez, Individually may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk

employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

13. Defendant Roberto C. Garza, Individually, is an individual who may be served with process at 7427 Ulysses Lane, Baytown, Texas 77521 or wherever he may be found. Defendant Roberto C. Garza, Individually may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

14. Tegrity is an enterprise engaged in commerce because the four companies involved (i.e., Tegrity Personnel Services, Inc.; Make Ready Services, LLC; Dynamic Labor Services, LLC; and Prestige Labor & Services, LLC perform related activities through unified operation or common control for a common business purposes. Specifically, Tegrity Personnel Services, Inc.; Make Ready Services, LLC; Dynamic Labor Services, LLC; Prestige Labor & Services, LLC; own and operate temporary employment agencies that provide unskilled labor to companies throughout Houston, Texas area, have similar names, use the same or substantially the same employment manuals and/or policies, collectively advertise as a single business unit and are all ultimately controlled by Mauricio Martinez and Roberto C. Garza who benefits financially from the companies. In other words, the four companies are not completely disassociated with one another or with respect to Plaintiff's employment and are under common control. They are, therefore, an enterprise for purposes of the FLSA and are liable to Plaintiff as joint employers.

15. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

16. Tegrity Personnel Services, Inc.; Make Ready Services, LLC; Dynamic Labor Services, LLC and Prestige Labor & Services, LLC; Mauricio Martinez; and Roberto C. Garza (collectively referred to as the "Tegrity") are temporary employment agencies that provide unskilled labor to companies throughout Houston, Texas and surrounding areas; they do business in the territorial jurisdiction of this Court.

17. Defendants employed Plaintiff from approximately 2004 through February 19, 2014 as a customer service representative/secretary.

18. During Plaintiff's employment with Defendants, they were engaged in commerce or in the production of goods for commerce.

19. During Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce because they (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

20. Defendants paid Martinez on an hourly basis.

21. During Martinez's employment with Defendants, she regularly worked in excess of forty hours per week.

22. Defendants knew or reasonably should have known that Martinez worked in excess of forty hours per week.

23. Defendants did not pay Martinez overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

24. Defendants knew or reasonably should have known that Martinez was not exempt from the overtime requirements of the FLSA.

25. Defendants failed to maintain accurate time and pay records for Martinez and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26. Defendants routinely "write down" the number of hours worked by customer service representatives and secretaries, including Martinez, so that they are paid for fewer hours than they actually work.

27. The uncompensated time caused Plaintiff's regular rates to fall below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

28. Defendants did not pay Plaintiff in United States currency or in negotiable instruments payable at par in United States currency.

29. Instead, Defendants paid Plaintiff using vouchers that were only redeemable for a fee at Handi Plus #46, 3306 Navigation Boulevard, Houston, Texas 77003.

30. Defendants made numerous unauthorized deductions from Plaintiff's pay.

31. The voucher redemption fee and the deductions also caused Plaintiff's regular rates to fall below the minimum wage.

32. Defendants knew or showed a reckless disregard for whether their pay practices violated the FLSA.

33. Defendants is liable to Martinez for her unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

34. Following a previous lawsuit by other employees to recover unpaid regular and overtime wages, Plaintiff complained on multiple occasions that she was not being paid properly and was due unpaid regular and overtime wages.

35. Shortly afterward and in direct response to Plaintiff's repeated complaints, Defendant Garza terminated her via text message after ten years of service.

36. All customer service representatives and secretaries employed by Defendants are similarly situated to Martinez because (1) they have similar job duties; (2) they are not paid for all hours worked at the minimum wage in violation of 29 U.S.C. § 206(a)(1); (3) they regularly work in excess of forty hours per week; (4) they are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1); (4) they are not paid in United States currency or in a negotiable instrument payable at par in United States currency; (5) their wages are subject to unauthorized deductions; and (6) they are entitled to recover their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure To Pay The Minimum Wage for All Hours Worked in Violation of 29 U.S.C. § 206(a)

37. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. During Plaintiff's employment with Defendants, she was nonexempt employees.

39. As a non-exempt employee, Defendants were legally obligated to pay Plaintiff for all hours worked at the minimum wage. 29 U.S.C. § 206(a)(1).

40. Defendants paid Plaintiff using vouchers that were only redeemable for a fee at Handi Plus #46, 3306 Navigation Boulevard, Houston, Texas 77003.

41. Defendants made unauthorized deductions from Plaintiffs' pay.

42. Defendants' failure to pay Plaintiff for all hours worked, the vouchers redemption fee and/or the unauthorized deductions caused Plaintiff regular rates to fall below the minimum wage.

43. If Defendants classified Plaintiff as exempt from the minimum wage requirements of the FLSA, she was misclassified because no exemption excuses their noncompliance with the minimum wage requirements of the FLSA.

44. Defendants knew or showed a reckless disregard for whether their pay practices violated the minimum wage requirements of the FLSA. In other words, Defendants willfully violated the minimum wage requirements of the FLSA.

## V. Count Two—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

45.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

46.     During Plaintiff's employment with Defendants, she was a nonexempt employee.

47.     As a nonexempt employee, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate[s] at which [they] were] employed[]" for the hours that she worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

48.     Defendants routinely "write down" the number of hours worked by Plaintiff so that they are paid for fewer hours than they actually work.

49.     When Defendants did pay Plaintiff for the hours she worked over forty in a workweek, they paid Plaintiff at her straight time rate.

50.     Consequently, Defendants did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week at one and one-half times her regular rate.

51.     If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses Defendants' noncompliance with the overtime requirements of the FLSA.

52.     Defendants knew or showed a reckless disregard for whether their pay practices violated the overtime requirements of the FLSA.  In other words, Defendants willfully violated the overtime requirements of the FLSA.

### VI.  Count Three—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

53.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

54.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

55.     In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

### VII.  Count Four—Failure to Pay in United States Currency or in a Negotiable Instrument Payable at Par in United States Currency in Violation of 29 C.F.R. § 531.27 and TEX. LAB. CODE § 61.016

56.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

57.     Both the FLSA and the Texas Labor Code require an employer to pay wages in United States currency or in a negotiable instrument payable at par in United States currency.

58.     Defendants violated the FLSA and the Texas Labor Code because they paid Plaintiff using vouchers that were only redeemable for a fee at Handi Plus #46, 3306 Navigation Boulevard, Houston, Texas 77003.  *See*, 29 C.F.R. § 531.27; TEX. LAB. CODE § 61.016.

### VIII.  Count Five—Unauthorized Deductions in Violation of TEX. LAB. CODE § 61.018(3)

59.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

11

60. Under the Texas Labor Code, "[a]n employer may not withhold or divert any part of an employee's wages unless the employer … has written authorization from the employee to deduct part of the wages for a lawful purpose." TEX. LAB. CODE § 61.018(3).

61. Defendants violated the Texas Labor Code by withholding money from Plaintiff's wages without her written authorization.

### IX. Count Six—Retaliation Against Martinez in Violation of 29 U.S.C. § 215(a)(3)

62. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

63. The FLSA prohibits employers from "discharge[ing] or in any other manner discriminate[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

64. Following a previous lawsuit by other employees to recover unpaid regular and overtime wages, Plaintiff complained on multiple occasions that she was not being paid properly and was due unpaid regular and overtime wages.

65. Shortly afterward and in direct response to Plaintiff's repeated complaints, Defendant Garza terminated her via text message after ten years of service.

66. Accordingly Defendants retaliated against Plaintiff because she engaged in protected activity under the FLSA.

## X. Count Seven—Collective Action Allegations

67.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

68.     On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

69.     These employees are similarly situated to Plaintiff because (1) they have similar job duties; (2) they are not paid for all hours worked at the minimum wage in violation of 29 U.S.C. § 206(a)(1); (3) they regularly work in excess of forty hours per week; (4) they are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1); (4) they are not paid in United States currency or in a negotiable instrument payable at par in United States currency; (5) their wages are subject to unauthorized deductions; and (6) they are entitled to recover their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

70.     Defendants' policies or practices of failing to pay the minimum wage and overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

71.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

72.     All employees of Defendants, regardless of their rates of pay, who were not paid at the minimum wage for all hours worked or at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over

13

forty in a workweek or who are not paid in United States currency or in a negotiable instrument payable at par in United States currency or whose wages are subject to unauthorized deductions are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All customer service representatives/secretaries employed by Defendants during the last three years.

73. Defendants are liable to Plaintiff and customer service representatives/secretaries for the difference between what they actually paid them and what they were legally obligated to pay them.

74. Because Defendants knew and/or showed a reckless disregard for whether their pay practices violated the FLSA, the company owes Plaintiff and customer service representatives/secretaries their unpaid regular and overtime wages for at least the last three years.

75. Defendants are liable to Plaintiff and customer service representatives/secretaries in an amount equal to their unpaid regular and overtime wages as liquidated damages.

76. Defendants are liable to Plaintiff and customer service representatives/secretaries for their reasonable attorneys' fees and costs.

77. Plaintiff has retained counsels who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## XI. Jury Demand

78. Plaintiff demands a trial by jury.

## XII. Prayer

79. Plaintiff pray for the following relief:

    i. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

    ii. Declare Defendants have violated overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

    iii. Declare Defendants have violated the anti-retaliation provision of the FLSA;

    iv. Declare Defendants' violations of the FLSA to be willful;

    v. Award Plaintiff and all those similarly situated damages for the amount of unpaid overtime compensation, subject to proof at trial;

    vi. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

    vii. Award Plaintiff damages (e.g., back pay and front pay) to compensate him for Defendants' retaliatory conduct;

    viii. An incentive award for any class representatives;

    ix. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

    x. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

    xi. Award post judgment interest as allowed by law;

    xii. Award costs of court and costs of prosecuting Plaintiff's claims; and

15

xiii. Award such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: s/ Melissa Moore
　　Melissa Moore
　　State Bar No. 24013189
　　Curt Hesse
　　State Bar No. 24065414
　　Lyric Center
　　440 Louisiana Street, Suite 675
　　Houston, Texas 77002
　　Telephone: (713) 222-6775
　　Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
MARIA GUADALUPE MARTINEZ**